## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF KENTUCKY
## SOUTHERN DIVISION
## AT PIKEVILLE

| | |
|---|---|
| **DENITA THACKER, on behalf of The Estate of Geraldine Clevenger, Widow of Donald Lee Clevenger,** | **CIVIL ACTION NO. 7:18-85-KKC** |
| **Plaintiff,** | |
| **v.** | **ORDER AND OPINION** |
| **OLD REPUBLIC INSURANCE CO.,** *et al.*, | |
| **Defendants.** | |

\*\*\* \*\*\* \*\*\*

This matter is before the Court on cross-motions for summary judgment. For the reasons stated below, Plaintiff's Motion for Summary Judgment (DE 14) is **GRANTED**, and the Defendants' Motion for Summary Judgment (DE 10) is **DENIED**.

## I.     BACKGROUND

This case stems from a claim under the Black Lung Benefits Act ("BLBA"), 30 U.S.C. §§ 901-945. Plaintiff, Denita Thacker on behalf of the Estate of a deceased black lung beneficiary, filed this suit under 33 U.S.C. § 921(d) claiming that American Business & Mercantile Insurance and its parent company, Old Republic, (hereinafter collectively referred to as "Old Republic") owe her additional compensation under 33 U.S.C. § 914(f)[1] and 20 C.F.R. § 725.607. (DE 1 at 1.)

Donald Clevenger worked for E F & B Coal in Eastern Kentucky until he retired in 1985. (DE 10-2 at 1.) Mr. Clevenger passed away in February 2010, and thereafter, his spouse, filed for survivor benefits under the BLBA. (DE 10-2 at 2.) On February 2, 2011, the U.S.

---

[1] 33 U.S.C. § 914(f) is a provision of the Longshore and Harbor Workers' Compensation Act, which is incorporated by reference into the BLBA under 30 U.S.C. § 932(a).

Department of Labor's Director of the Office of Workers' Compensation Programs ("District Director") issued a proposed decision and order finding that Mrs. Clevenger was entitled to black lung benefits going back to her husband's death in February 2010. (DE 1 at 3.) Old Republic challenged the award and sought a formal hearing before an Administrative Law Judge ("ALJ"). While Old Republic was challenging the award, the U.S. Department of Labor's Black Lung Disability Trust Fund ("Trust Fund") stepped in and made interim payments to Mrs. Clevenger. On July 3, 2014, the ALJ awarded Mrs. Clevenger benefits going back to February 2010. (DE 1 at 4.) Thereafter, Old Republic appealed the ALJ's order to the U.S. Department of Labor's Benefits Review Board. Then, Mrs. Clevenger died on August 9, 2015, and her daughter, Denita Thacker, became heiress and executrix of her estate. (DE 10-2 at 2.) On August 31, 2015, the Benefits Review Board vacated the ALJ's July 3, 2014 order and remanded with instructions for the ALJ. (DE 1 at 4.) On June 13, 2016 the ALJ issued an order ("June 13, 2016 order") again awarding benefits to Mrs. Clevenger with the same onset date of February 2010. (DE 14 at 5.) The District Director received the ALJ's decision on August 1, 2016 and issued a computation of benefits on August 17, 2016 ("August 17, 2016 computation of benefits") requiring that Old Republic pay Mrs. Clevenger's benefits. (DE 14-1, 14-2.) Old Republic again appealed the ALJ's decision to the Benefits Review Board. (DE 14 at 6.) On July 16, 2017, the Benefits Review Board affirmed the ALJ's award of benefits, and Old Republic did not further challenge the award. On January 30, 2018, the District Director issued a final calculation of benefits ("January 30, 2018 computation of benefits") stating that Old Republic owed Mrs. Clevenger's Estate $638.10 and the Trust Fund $40,813.40, which reflected the amount of payments the Trust Fund made to Mrs. Clevenger. (DE 1 at 5.) On February 2, 2018, Old Republic paid the amounts stated in the January 30, 2018 computation of benefits.

On August 15, 2018, Plaintiff brought suit under 33 U.S.C. § 921(d) against E F & B Coal's insurance provider, Old Republic. Plaintiff asserts that Old Republic owes additional compensation under 33 U.S.C. § 914(f) and 20 C.F.R. § 725.607, which provide that twenty percent additional compensation is owed when a compensation award is not paid within ten days after it becomes "due," unless the order making such award is being reviewed under 33 U.S.C. § 921 and an order staying payments has been issued by the Benefits Review Board or Court. 33 U.S.C. § 914(f); 20 C.F.R. § 725.607. Plaintiff contends that Old Republic did not timely pay the June 13, 2016 order awarding benefits once it became "due" and did not seek an order staying those payments, thus triggering the additional compensation addressed by 33 U.S.C. § 914(f) and 20 C.F.R. § 725.607.

Old Republic filed a motion for judgment on the pleadings, or in the alternative, a motion for summary judgment asserting that Plaintiff is not entitled to additional compensation under 33 U.S.C. § 914(f). (DE 10.) Plaintiff asserts that a motion for judgment on the pleadings is inappropriate but agrees that the case is appropriate for summary judgment. Plaintiff has thus filed a cross-motion for summary judgment. (DE 14.) The issues have been fully briefed, and they are ripe for summary judgment.

Old Republic raises several arguments against awarding additional compensation under 33 U.S.C. § 914(f) to Plaintiff: (1) this Court does not have jurisdiction under 33 U.S.C. § 921(d) because it complied with the final award issued on January 30, 2018; (2) the plain language of the Longshore and Harbor Workers' Compensation Act ("LHWCA"), the BLBA, and the Department of Labor's ("DOL") black lung regulations preclude Plaintiff's argument that the "penalty" in 33 U.S.C. § 914(f) is applicable in this case; (3) Plaintiff's theory of recovery invites an unworkable administrative scheme and the payment procedures of the BLBA and the LHWCA are distinct; and (4) since the District Director did not indicate that

any penalty was owed and the law required the District Director to do so, Plaintiff's request for additional compensation must fail. (DE 10-1 at 18 n.6; DE 19 at 8.)

Plaintiff also raises arguments in support of her position: (1) under 20 C.F.R. § 725.502, benefits became due on September 16, 2016, and since Old Republic did not pay until February 2, 2018, it owes additional compensation under 33 U.S.C. § 914(f) and 20 C.F.R. § 725.607, which operated automatically to add twenty percent additional compensation to the June 13, 2016 order awarding benefits; and (2) Old Republic owes interest, pursuant to 20 C.F.R. § 725.608(a)(3), on the unpaid additional compensation owed to Plaintiff. (DE 14.) Plaintiff also responds to Old Republic's arguments, first asserting that Federal Rule of Civil Procedure 12(d) requires that Old Republic's motion for judgment on the pleadings be treated as a motion for summary judgment because it introduces facts and exhibits beyond the complaint. (DE 14 at 17.) Then, Plaintiff asserts that the Court does have jurisdiction under 33 U.S.C. § 921(d) because that provision is incorporated into the BLBA under 30 U.S.C. § 932(a) and she is seeking to enforce a compensation order—which includes additional compensation based on Old Republic's untimely payment and the automatic operation of 33 U.S.C. § 914(f) and 20 C.F.R. § 725.607—that has become final. Following, Plaintiff contends that her theory of recovery is supported by the BLBA, DOL's black lung regulations, and the relevant case law. Finally, Plaintiff provides several reasons why the District Director did not need to include the twenty percent additional compensation in the January 30, 2018 computation of benefits. (DE 22 at 6-9.)

As further explained below, after careful consideration of the parties' arguments, relevant law, and applicable DOL black lung regulations, the Court finds that Plaintiff is entitled to additional compensation under 33 U.S.C. § 914(f) and 20 C.F.R. § 725.607. Although Old Republic raises several concerns about the operation of LHWCA provisions in the black lung benefits context, its concerns would be better addressed by the legislature, not the judiciary.

## II.    ANALYSIS

A motion for judgment on the pleadings is addressed under the same standard applicable to a motion to dismiss.  Under that standard, unless the complaint alleges "enough facts to state a claim to relief that is plausible on its face" it must be dismissed. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  However, where "matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d).

Here, both parties refer to facts and exhibits in their cross-motions that are outside the complaint.  Accordingly, the cross-motions are treated as motions for summary judgment under Rule 56.  *See id.*

Summary judgment is appropriate where there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  "The evidence, all facts, and any inferences that may permissibly be drawn from the facts must be viewed in the light most favorable to the nonmoving party."  *Combs v. Meijer, Inc.*, No. 5:12-CV-209-KSF, 2012 WL 3962383, at *2 (E.D. Ky. Sept. 10, 2012) (citing *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

The parties agree that there is no genuine dispute as to any material fact, and the issues addressed in the cross-motions are ripe for summary judgment.  (DE 10-1 at 5-6; DE 14 at 7.)

**A. Incorporation of LHWCA provisions into the BLBA under 30 U.S.C. § 932(a).**

The BLBA was established for the following purposes: (1) to provide benefits to coal miners who have been disabled due to pneumoconiosis; (2) to provide benefits to the miners' surviving dependents if their death was caused by pneumoconiosis; and (3) to ensure that in the future adequate benefits are provided to coal miners and their dependents in the event of their death or total disability due to pneumoconiosis. 30 U.S.C. § 901. 30 U.S.C. § 932(a) of the BLBA states that the provisions of the LHWCA—with the exception of specifically

excluded provisions[2] and contrarily enacted black lung provisions and regulations[3]—shall apply to "each operator of a coal mine ... with respect to death or total disability due to pneumoconiosis arising out of employment in such mine." *Id.* § 932(a). § 932(a) further states:

> [i]n administering this part, the Secretary is authorized to prescribe in the Federal Register such additional provisions, not inconsistent with those specifically excluded by this subsection, as he deems necessary to provide for the payment of benefits by such operator to persons entitled thereto as provided in this part and thereafter those provisions shall be applicable to such operator.

> *Id.*

Thus, significant provisions of the LHWCA are incorporated into the BLBA, including 33 U.S.C. §§ 914 and 921, unless they are contrary to other BLBA provisions or DOL regulations.

### B. Additional Compensation under 33 U.S.C. § 914(f) and 20 C.F.R. § 725.607.

Plaintiff asserts that Old Republic owes her additional compensation under 33 U.S.C. § 914(f) and 20 C.F.R. § 725.607 relating to the June 13, 2016 order. The parties agree that § 914 is a LHWCA provision incorporated into the BLBA at 30 U.S.C. § 932(a), however, they disagree as to whether § 914 operates to provide additional compensation to this Plaintiff.

§ 914(f) states:

> If any compensation, payable under the terms of an award, is not paid within ten days after it becomes due, there shall be added to such unpaid compensation an amount equal to 20 per centum thereof, which shall be paid at the same time as, but in addition to, such compensation, unless review of the compensation order making such award is had as provided in section 921 of this title and an order staying payment has been issued by the Board or court.

> 33 U.S.C. § 914(f).

Similarly, the DOL's black lung regulations provide:

> (a) If any benefits payable under the terms of an award by a district director (§ 725.419(d)), a decision and order filed and served by an administrative law judge (§

---

[2] The BLBA specifically excludes the following provisions of the LHWCA: 33 U.S.C. §§ 901–904, 908–910, 912, 913, 929–933, 937, 938, 941, former 934, 944, and former 945–947, 948, 948a, 949, 950. 30. U.S.C. § 932(a).

[3] The BLBA provides that the LHWCA provisions are incorporated "except as otherwise provided in this subsection or by regulations of the Secretary…"

725.478), or a decision filed by the Board or a U.S. court of appeals, are not paid by an operator or other employer ordered to make such payments within 10 days after such payments become due, there will be added to such unpaid benefits an amount equal to 20 percent thereof, which must be paid to the claimant at the same time as, but in addition to, such benefits, unless review of the order making such award is sought as provided in section 21 of the LHWCA and an order staying payments has been issued.

(b) If, on account of an operator's or other employer's failure to pay benefits as provided in paragraph (a) of this section, benefit payments are made by the fund, the eligible claimant will nevertheless be entitled to receive such additional compensation to which he or she may be eligible under paragraph (a), with respect to all amounts paid by the fund on behalf of such operator or other employer.

(c) The fund may not be held liable for payments of additional compensation under any circumstances.

20 C.F.R. § 725.607.

To determine whether any additional compensation is owed under 33 U.S.C. § 914(f) and 20 C.F.R. § 725.607, the Court must first determine when Plaintiff's benefits became due.

The parties agree that 20 C.F.R. § 725.502 defines when black lung benefits are due. They disagree, however, on when Plaintiff's benefits became due. Black lung benefits are due thirty days after two conditions are fulfilled: (1) an effective compensation order has been issued; and (2) the District Director computes the amount of benefits payable and provides notice to the parties. *Id.* § 725.502. A compensation order is the order rejecting the claim or making the award. 33 U.S.C. § 919(e)[4] ("The order rejecting the claim or making the award (referred to in this chapter as a compensation order) …"). A compensation order issued by an ALJ becomes effective when it is filed in the office of the district director. 20 C.F.R. §§ 725.479 and 725.502(a)(2). "Benefits shall be considered due after the issuance of an effective order requiring the payment of benefits by a district director, administrative law judge or an appeal to the Board or court," unless payment of those benefits has been appropriately stayed. *Id.* § 725.502(a)(1). 20 C.F.R. § 725.502(b)(2) provides that "[w]ithin 30 days after the

---

[4] 33 U.S.C. § 919 is a LHWCA provision that is incorporated into the BLBA at 30 U.S.C. § 932(a).

issuance of an effective order requiring the payment of benefits, the district director shall compute the amount of benefits payable… and shall so notify the parties." *Id.* § 725.502(b)(2). § 725.502(b)(2) further provides that "[b]enefits and interest payable … shall be due on the thirtieth day following issuance of the district director's computation." *Id.*

Old Republic asserts that the relevant compensation order is the January 30, 2018 computation of benefits issued by the District Director. (DE 10-1 at 7.) Old Republic states "[a]lthough the [20 C.F.R. § 725.502(a)(1)] recognizes that benefits shall be considered 'due' after the issuance of an effective order requiring their payment, the actual compensation order that triggers the payment of those benefits is issued by the district director pursuant to 20 C.F.R. § 725.502(b)." (DE 10-1 at 16.) Old Republic argues that the computation by the District Director is the only way for the liable party to know what payment is due. Old Republic further asserts that since it paid the benefits on February 2, 2018—three days after the January 30, 2018 computation of benefits—it complied with the relevant provisions and regulations. (DE 10-1 at 7.)

Plaintiff's position is that the computation of benefits issued by the District Director on January 30, 2018 is not a compensation order. (*See* DE 14 at 8.) Instead, Plaintiff's claim is based on the enforcement of the June 13, 2016 order issued by the ALJ, which Plaintiff argues was an effective compensation order. (DE 14 at 10.) Plaintiff asserts that Old Republic failed to timely comply with that compensation order, triggering the additional twenty percent compensation addressed by 30 U.S.C. § 914(f) and 20 C.F.R. § 725.607. (DE 14 at 13.)

The January 30, 2018 computation of benefits issued by the District Director is not a compensation order. First, this document, which is formatted as a letter, does not fit into the definition of compensation order provided by 33 U.S.C. § 919(e)—it is not an "order rejecting the claim or making the award." 33 U.S.C. § 919(e). Second, the January 30, 2018 computation of benefits does not provide any indication that it is a "compensation order" for

purposes of the BLBA. Instead, it is a letter containing a computation of benefits issued "[i]n accordance with the Decision and Order – Awarding Benefits issued by the Benefits Review Board." (DE 14-7.) Moreover, the language in 20 C.F.R. § 725.502 and other black lung regulations further support that the District Director's computation is not a compensation order. Not only does 20 C.F.R. § 725.502 not refer to the District Director's computation as a compensation order, but it also states that "[a]ny computation made by the district director … shall strictly observe the terms of the order." 20 C.F.R. § 725.502(b)(2). Tellingly, there is also no regulation addressing when the District Director's computation of benefits would become effective, whereas there are regulations specifically addressing the effective date of proposed orders and decisions issued by the District Director, orders issued by an ALJ, and orders issued by the Benefits Review Board. *See id.* §§ 725.502, 725.418, 725.419, 725.479.

The June 13, 2016 order, on the other hand, is a compensation order. The June 13, 2016 order fits squarely within the definition of compensation order provided by 33 U.S.C. § 919(e) as it is an order "making the award." (DE 14-2 at 7 ("The survivor's claim … for black lung benefits under the Act is hereby GRANTED, and IT IS HEREBY ORDERED that Employer shall pay to Claimant all benefits to which she is entitled under the Act…").) Additionally, the regulations specifically address when orders issued by an ALJ become effective—when such orders are filed in the office of the District Director. *See* 20 C.F.R. §§ 725.502(a)(2), 725.479. Finally, all cases known to this Court that have considered this issue have found that ALJs' decisions and orders are compensation orders under the BLBA. *See*, *e.g.*, *Vialpando v. Chevron Mining, Inc*., No. 18-251-BRB-SCY, 2018 WL 5017754, at *3 (D.N.M. Oct. 16, 2018); *Byrge v. Premium Coal Co. Inc*., 301 F. Supp. 3d 785, 797 (E.D. Tenn. 2017); *Hudson v. Pine Ridge Coal Co*., LLC, No. CIV.A. 2:11-00248, 2012 WL 386736, at *6 (S.D.W.

Va. Feb. 6, 2012); *Nowlin v. E. Associated Coal Corp.*, 331 F. Supp. 2d 465, 468 (N.D.W. Va. 2004) ("*Nowlin II*").

Here, the June 13, 2016 order was filed in the office of the District Director on August 1, 2016, making the award effective. *See id.*; (DE 14-2 at 1.) Thereafter, on August 17, 2016, the District Director issued a computation of benefits and notified the parties,[5] in compliance with the thirty days allotted under 20 C.F.R. § 725.502(b)(2). (DE 14-1.) This computation of benefits stated that Old Republic owed $40,813.40 in reimbursement payments to the Trust Fund.[6] Old Republic did not seek a stay of the payment, and accordingly the benefits and any interest payable became due on September 16, 2017—"the thirtieth day following issuance of the district director's computation." *See* 20 C.F.R. § 725.502(b)(2).

Next the Court must determine whether additional compensation is owed under 33 U.S.C. § 914(f) and 20 C.F.R. § 725.607. Both 33 U.S.C. § 914(f) and 20 C.F.R. § 725.607 provide that twenty percent additional compensation is owed when the compensation awarded is not paid within ten days after it becomes "due," unless the order making such award is being reviewed under 33 U.S.C. § 921 and an order staying payments has been issued by the Benefits Review Board or Court. 33 U.S.C. § 914(f); 20 C.F.R. § 725.607(a).

As determined above, payments under the June 13, 2016 order became due on September 16, 2017. It is undisputed that Old Republic did not make any payments regarding the

---

[5] Letter from the office of the District Director containing the computation of benefits is addressed to American Business & Mercantile Ins. and copied to W. William Prochot of Greenberg Traurig LLP—the firm representing the Defendants. (DE 14-1.)

[6] Old Republic asserts that the January 30, 2018 computation of benefits was the only computation provided in this case. (DE 10-1 at 17.) It further contends that the computation of benefits owed is the only way for the paying party to know what it owes in benefits. (DE 10-1 at 18.) Old Republic completely avoids addressing the August 17, 2016 computation, except that it states in a footnote that it never received the document. (DE 19 at 5 n.3.)

　　Pursuant to 20 C.F.R. § 725.502, the District Director is required to issue a computation of benefits within thirty days after an effective compensation order is issued. Following, once the District Director issues the computation, such benefits become "due" thirty days later. 20 C.F.R. § 725.502(b)(2). Accordingly, in any event, Old Republic should have known that Plaintiff's benefits would have become due within sixty days after the ALJ's June 13, 2016 order became effective.

benefits awarded to Plaintiff until February 2, 2018. Since Old Republic did not commence payment within ten days of when the payments became due or seek an order staying payment, it owes twenty percent additional compensation on the award to the Plaintiff, as triggered by 33 U.S.C. § 914(f) and 20 C.F.R. § 725.607.

Old Republic does not address 20 C.F.R. § 725.607 at all, but it raises a series of additional arguments against enforcing the additional compensation under 33 U.S.C. § 914(f). First, it argues that this Court does not have jurisdiction under 33 U.S.C. § 921(d) to consider Plaintiff's claim for additional compensation under § 914(f). Along the same lines, it argues that the "penalty" in § 914(f) only becomes payable when "the benefits are not paid after payments become 'due' following the final award." (DE 19 at 4.) Second, it argues that the "presence of the Trust Fund eliminates the potential immediate loss of wages that Section 14 of the Longshore Act was designed to address." (DE 10-1 at 15.) It further argues that since the Trust Fund stepped in and made "interim" payments to Plaintiff, there were no "unpaid" or "overdue" payments in this case. (DE 19 at 2-3.) Finally, Old Republic asserts that if additional compensation was owed, the District Director would have included it in the January 30, 2018 computation of benefits. The Court will address each of Old Republic's arguments in turn.

### 1. The Court has jurisdiction under 33 U.S.C. § 921(d) to enforce Plaintiff's claim for additional compensation.

The parties agree that 33 U.S.C. § 921(d) is incorporated by reference into the BLBA. (DE 10-1 at 2, DE 14 at 1). *See also* 30 U.S.C. § 932(a). The parties disagree, however, on whether § 921(d) has an operative effect of providing jurisdiction to the Court based on the facts of this litigation. The Court finds that it does have jurisdiction under § 921(d) to consider Plaintiff's claim for additional compensation under 33 U.S.C. § 914(f) and 20 C.F.R. § 725.607.

Pursuant to § 921(d):

> [i]f any employer or his officers or agents fails to comply with a compensation order making an award, *that has become final*, any beneficiary of such award … may apply for the enforcement of the order to the Federal district court for the judicial district in which the injury occurred … If the court determines that the order was made and served in accordance with law, and that such employer or his officers or agents have failed to comply therewith, the court shall enforce obedience to the order by writ of injunction or by other proper process, mandatory or otherwise, to enjoin upon such person and his officers and agents compliance with the order.

33 U.S.C. § 921(d) (emphasis added).

Thus, the plain language of § 921(d) provides that the District Court has jurisdiction to enforce a "compensation order making an award, *that has become final.*" *Id.* (emphasis added).

Old Republic asserts that § 921(d) comes into play "where an employer fails to pay a compensation order due under a final award." (DE 10-1 at 6.) It further asserts that the "penalty" in § 914(f) only becomes payable in a suit under § 921(d) when "the benefits are not paid after payments become 'due' following the final award." (DE 19 at 4.) Old Republic further contends that 20 C.F.R. § 725.502 defines when a "final award" becomes due. (DE 10-1 at 6; DE 19 at 4.) Old Republic states that "[t]he award here became 'final' after the Benefits Review Board affirmed [the ALJ's June 13, 2016 order] and no further appeal was taken." (DE 19 at 4.) As stated above, Old Republic—incorrectly—asserts that the District Director's January 30, 2018 computation of benefits is the relevant compensation order and that Plaintiff's benefits were due within thirty days after that computation was issued. Old Republic contends that the "penalty" in 33 U.S.C. § 914(f) never became payable because it complied with the January 30, 2018 computation of benefits three days after it was issued, on February 2, 2018. (DE 19 at 4.) Thus, it asserts that the Court has no jurisdiction under 33 U.S.C. § 921(d) because it paid Plaintiff in accordance with the "final compensation order"

and within the time constraints provided by 20 C.F.R. § 725.502(b). Therefore, Old Republic contends, there is nothing to "enforce compliance with" under § 921(d). (DE 10-1 at 6.)

Plaintiff agrees that the award became final after the Benefits Review Board affirmed the ALJ's June 13, 2016 order and Old Republic did not appeal. (DE 14 at 10.) However, Plaintiff disagrees with Old Republic's assertion that § 921(d) does not confer jurisdiction on this Court to consider a claim for additional compensation under § 914(f). (DE 14 at 17.) Plaintiff's position is that Old Republic did not comply with the June 13, 2016 order awarding compensation—and accompanying computation done by the District Director on August 17, 2016—which "became final on September 18, 2017, sixty days after the Benefits Review Board's July 18, 2017 decision affirming the ALJ's [June 13, 2016] decision." (DE 14 at 10.) Thus, Plaintiff asserts that 33 U.S.C. § 914(f) and 20 C.F.R. § 725.607 operated to add twenty percent additional compensation to the award. Plaintiff concludes that this Court has jurisdiction under § 921 because she is seeking to enforce a compensation order—the June 13, 2016 order awarding benefits, which subsequently increased by twenty percent based on Old Republic's untimely compliance—that became final.

By virtue of the plain language of § 921(d), the Court has jurisdiction to enforce a "compensation order making an award, that has become final." 33 U.S.C. § 921(d). As explained above, a compensation order is the order rejecting the claim or making the award. *Id*. § 919(e). According to § 921(a), "[a] compensation order shall become effective when filed in the office of the deputy commissioner as provided in section 919 of this title, and, unless proceedings for the suspension or setting aside of such order are instituted as provided in subsection (b) of this section, shall become final at the expiration of the thirtieth day thereafter." In addition, 20 C.F.R. § 725.479 provides that "a decision and order shall become effective when filed in the office of the district director, and unless proceedings for suspension or setting aside of such order are instituted within 30 days of such filing, the order shall

become final at the expiration of the 30th day after such filing." 20 C.F.R. § 725.479(a) (internal citations omitted). The "proceedings" referred to in 33 U.S.C. § 921(a) and 20 C.F.R. § 725.479 include an appeal of an ALJ's decision and order by a dissatisfied party to the Benefits Review Board, which is established by 33 U.S.C. § 921(b). 33 U.S.C. § 921(b). *See also* 20 C.F.R. § 725.481. 33 U.S.C. § 921(b)(3) further provides: "[t]he payment of the amounts required by an award shall not be stayed pending final decision in any such proceeding unless ordered by the Board." 33 U.S.C. § 921(b)(3).

Here, Plaintiff seeks to enforce the decision and order issued by the ALJ on June 13, 2016—which is a compensation order that became final—and subsequent additional compensation. The June 13, 2016 order became effective on August 1, 2016 when it was filed with the District Director. The District Director issued a computation of benefits payable for the periods prior to the June 13, 2016 order on August 17, 2016. (DE 14-1). And although at that point the compensation order was not yet final, the benefits and interest payable for the relevant period became due on September 16, 2016—the thirtieth day following the issuance of the district director's August 17, 2016 computation. *See* 20 C.F.R. § 725.502(b)(2).[7] Then, Old Republic appealed the ALJ's June 13, 2016 order to the Benefits Review Board, which delayed the finality of that order under 33 U.S.C. § 921(a). However, this appeal did not stay the payments or delay the due date of the payments under the effective compensation order. *See* 33 U.S.C. § 921(b)(3) ("The payment of the amounts required by an award shall not be stayed pending final decision [by the Benefits Review Board] in any such proceeding unless ordered by the Board.") Finally, when the Benefits Review Board affirmed the ALJ's June 13, 2016 compensation order on July 16, 2017 and Old Republic did not further challenge the

---

[7] Old Republic asserts that 20 C.F.R. § 725.502(b) defines when a benefit payment for a "final award" is due and payable, (DE 10-1 at 6; DE 19 at 4), but instead, it defines when an effective order is due and payable.

order, the order became final.[8]  It was at that point that this Court had jurisdiction to enforce the June 13, 2016 order under 33 U.S.C. § 921(d).

As stated above 33 U.S.C. § 914(f) and 20 C.F.R. § 725.607 operated to add additional compensation to the June 13, 2016 order.  The Court must next determine whether the additional compensation owed is enforceable under 33 U.S.C. § 921(d).  The Court finds that it has jurisdiction under § 921(d) to consider Plaintiff's claim for additional compensation.

Although the Sixth Circuit has not considered this issue, several courts have described the operation of § 914(f) as self-executing or automatic in the BLBA context.[9]  *See, e.g.*, *Burton v. Drummond Co. Inc.*, 350 F. Supp. 3d 1198, 1205 (N.D. Ala. 2018) (Once the Defendant was late in paying the compensation it owed under the compensation orders, the language of § 914(f) operated automatically to add 20 percent additional compensation to the amount owed.); *Byrge*, 301 F. Supp. 3d at 797 (The additional compensation owed by operation of § 914(f) automatically added to the amount determined in the compensation order.); *Hudson*, 2012 WL 386736 at *6 ("A right to section 14(f) compensation arises automatically when the above conditions are met—that is, no additional award or order is required. A beneficiary entitled to such compensation may seek district court enforcement under 33 U.S.C. § 921(d)."); *Combs v. Elkay Min. Co.*, 881 F. Supp. 2d 728, 733 (S.D.W. Va. 2012) ("§ 914(f) is self-executing; the 20 percent additional compensation automatically becomes due immediately upon the expiration of the ten-day period following the filing of the compensation order with the deputy commissioner."); *Nowlin II*, 331 F. Supp. 2d at 468 ("The 20% penalty assessment arises automatically under 33 U.S.C. § 914(f) when an employer is untimely in its payment of benefits awarded by an ALJ.").

---

[8] Both parties agree that the award became final once the Benefits Review Board affirmed the ALJ's June 13, 2016 order and Old Republic did not appeal.  (DE 14 at 10; DE 19 at 4.)

[9] § 914 is also self-executing in the LHWCA context, which was considered by Courts in determining that it is self-executing in the BLBA context.

The language of § 914(f) and 20 C.F.R. § 725.607 further support that the twenty percent additional compensation arises automatically when an employer fails to timely pay compensation owed under the terms of an award. 33 U.S.C. § 914(f) states:

> If any *compensation*, payable under the terms of *an award*, is not paid within ten days after it becomes due, there *shall be added to such unpaid compensation* an amount equal to 20 per centum thereof, which *shall be paid at the same time as*, but *in addition to*, such compensation, unless review of the compensation order making such award is had as provided in section 921 of this title and an order staying payment has been issued by the Board or court.

33 U.S.C. § 914(f) (emphasis added).

Similarly, 20 C.F.R. § 725.607 provides:

> If any *benefits* payable under the terms of an *award* by … a decision and order filed and served by an administrative law judge … [is] not paid by an operator or other employer ordered to make such payments within 10 days after such payments become due, *there will be added to such unpaid benefits* an amount equal to 20 percent thereof, which *must be paid to the claimant at the same time as*, but *in addition* to, such benefits, unless review of the order making such award is sought as provided in section 21 of the LHWCA and an order staying payments has been issued.

20 C.F.R. § 725.607(a) (emphasis added).

Thus, the language of 33 U.S.C. § 914(f) and 20 C.F.R. § 725.607 "simply increases the amount of compensation owed under an *existing* award of benefits." *Burton*, 350 F. Supp. 3d at 1204 (emphasis in original).

Here, Plaintiff is seeking to enforce the June 13, 2016 compensation order, which was filed with the District Director on August 1, 2016—making the award effective. Pursuant to 20 C.F.R. § 725.502(b), the District Director issued a computation of benefits payable on August 17, 2016. The benefits awarded and interest payable became due on September 16, 2016—the thirtieth day following the issuance of the district director's computation. *See* 20 C.F.R. § 725.502(b)(2) ("Benefits and interest payable for such periods shall be due on the thirtieth day following issuance of the district director's computation.") Turning to 33 U.S.C.

§ 914(f) and 20 C.F.R. § 725.607, the additional compensation—"an amount equal to 20 per centum thereof"—was added to the unpaid compensation on September 27, 2016, the eleventh day after the benefits awarded and interest payable became due. At that point, Old Republic owed to the Plaintiff the benefits awarded, any interest thereon, and an additional twenty percent compensation under 33 U.S.C. § 914(f) and 20 C.F.R. § 725.607. Instead of beginning payment of that obligation, Old Republic chose to challenge the award under 33 U.S.C. § 921(b), but it did not seek an order staying its obligation of payment. *See* 20 C.F.R. § 725.607; 33 U.S.C. § 914(f) (Stating that if payment is untimely, twenty percent additional compensation shall be added to the award of benefits "unless review of the compensation order making such award is had as provided in section 921 of this title *and an order staying payment has been issued by the Board or court*.") (emphasis added); 33 U.S.C. § 921(b)(3) ("The payment of the amounts required by an award shall not be stayed pending final decision in any such proceeding unless ordered by the Board."). The Benefits Review Board affirmed the award on July 18, 2017, and Old Republic did not further challenge the award. Sixty days later, that award became final, as explained above. Thus, when Old Republic finally paid the benefits owed on February 2, 2018 but did not include the additional compensation under 33 U.S.C. § 914(f) and 20 C.F.R. § 725.607, Plaintiff was entitled to pursue an action under 33 U.S.C. § 921(d) because Old Republic did not comply with the June 13, 2016 order awarding benefits—which was increased by twenty percent automatically on September 27, 2016—that had become final.

Old Republic's argument that the "penalty" in 33 U.S.C. § 914(f) only becomes payable in a suit under 33 U.S.C. § 921(d) when "the benefits are not paid after payments become 'due' following the final award" is unsupported by the plain text of 33 U.S.C. § 914(f), 20 C.F.R. § 725.607, and 33 U.S.C. § 921. Neither 33 U.S.C. § 914(f) or 20 C.F.R. § 725.607 limit their operation to "final awards," and both state that in order to avoid additional compensation,

there must be timely payment or a stay issued by the Benefits Review Board or Court. *See* 33 U.S.C. § 914(f); 20 C.F.R. § 725.607. Additionally, 33 U.S.C. § 921(b)(3) provides "[t]he payment of the amounts required by an award shall not be stayed pending final decision in any such proceeding unless ordered by the Board." 33 U.S.C. § 921(b)(3).

In further support of its position that jurisdiction is inappropriate under § 921(d), Old Republic asserts that to seek additional compensation on an "interim" or "non-final award," like the June 13, 2016 order, Plaintiff must have brought her action under 33 U.S.C. § 918(a), which addresses the collection of defaulted payments.[10] (DE 19 at 4.) § 918(a) provides:

> In case of default by the employer in the payment of compensation due under *any award of compensation* for a period of thirty days after the compensation is due and payable, the person to whom such compensation is payable may, within one year after such default, make application to the deputy commissioner making the compensation order or a supplementary order declaring the amount of the default. After investigation, notice, and hearing, as provided in section 919 of this title, the deputy commissioner shall make a supplementary order, declaring the amount of the default, which shall be filed in the same manner as the compensation order. In case the payment in default is an installment of the award, the deputy commissioner may, in his discretion, declare the whole of the award as the amount in default. The applicant may file a certified copy of such supplementary order with the clerk of the Federal district court for the judicial district in which the employer has his principal place of business or maintains an office, or for the judicial district in which the injury occurred … Such supplementary order of the deputy commissioner shall be final, and the court shall, upon the filing of the copy, enter judgment for the amount declared in default by the supplementary order if such supplementary order is in accordance with law.

33 U.S.C. § 918(a) (emphasis added).

Old Republic argues that § 918(a) does not confer jurisdiction because "Plaintiff did not exhaust— or ever pursue—the administrative remedy, and, in any case, did not take any action within one year of the default she seeks to enforce." (DE 19 at 5.) Old Republic further states that "[t]he only award that Plaintiff could have pursued under the 918(a) remedy was issued on June 13, 2016 by ALJ Merck, and the prescribed remedy for this alleged default

---

[10] 33 U.S.C. § 918(a) is a LHWCA provision that is incorporated into the BLBA at 30 U.S.C. § 932(a).

became time-barred on June 13, 2017." Therefore, Old Republic asserts, Plaintiff's suit—which was not brought until August 2018—is time barred under § 918(a). Old Republic recognizes that Plaintiff brought her suit under § 921(d), however, it argues that if the Court were to accept Plaintiff's interpretation that jurisdiction was proper under § 921(d), the effect would be that § 918(a)'s remedy would become surplusage and the one-year statute of limitations applicable in the case of non-final awards would be repealed. (DE 19 at 5.) Such an interpretation, Old Republic contends, is impermissible.

Plaintiff contends that §§ 918(a) and 921(d) provide concurrent remedies for unpaid benefits, either of which may be pursued by a deserving plaintiff. (DE 22 at 2.) To support her position, Plaintiff relies on 20 C.F.R. § 725.601(c), which states: "[i]n certain instances the remedies provided by the Act are concurrent; that is, more than one remedy might be appropriate in any given case." 20 C.F.R. § 725.601(c). Plaintiff further contends that the "distinction between §§ 918(a) and 921(d) has to do with the timing of the enforcement action in relation to the underlying litigation creating the award." (DE 22 at 4.) The Plaintiff states:

> Section 921(d) is not available until "an award . . . has become final." In contrast, § 918(a) can be used "thirty days after the compensation is due and payable" under "any award." This temporal distinction matters because, as Plaintiff described in her motion, ALJ awards can be "effective" and create due dates for benefits payments even if the award is still subject to appeal and thus not "final." A beneficiary can use § 918(a) while an award is "effective" under 20 C.F.R. § 725.502(a)(2) but still nonfinal. The problem though with using § 918(a) to pursue 20% additional compensation is that benefits generally continue to accrue month-by-month as an appeal remains pending. Thus, the beneficiary who elects to pursue § 918(a) remedies may have to file multiple § 918(a) requests or still ultimately pursue a § 921(d) action once the award is final. If a beneficiary can be patient, the preferred course is to wait until the award is final then pursue a single § 921(d) action. This preference is reflected by the fact that all known 20% additional compensation cases arise under § 921(d). Accordingly, there are sensible and proper reasons that Plaintiff brought this action under § 921(d) rather than § 918(a).

(DE 22 at 4 (internal citations omitted).)

Plaintiff further asserts that her interpretation does not render § 918(a) surplusage because § 918(a) would still provide a remedy for claimants to pursue past-due benefits immediately

while an appeal is pending. Thus, Plaintiff concludes, "Section 918(a) serves a distinct role that remains relevant in some cases." (DE 22 at 4.)

Old Republic's argument that Plaintiff's suit is only appropriate under § 918(a), because allowing Plaintiff to proceed under § 921(d) would render the language in § 918(a) surplusage, is unavailing. §§ 918 and 921 are the only two provisions granting district courts jurisdiction over enforcement of a compensation order. 33 U.S.C. § 921(e) ("Proceedings for suspending, setting aside, or enforcing a compensation order, whether rejecting a claim or making an award, shall not be instituted otherwise than as provided in this section and section 918 of this title.") These provisions explain when a claimant may seek to enforce a compensation award. *See Nowlin v. E. Associated Coal Corp.*, 266 F. Supp. 2d 502, 508 (N.D.W. Va. 2003) ("*Nowlin I*"). §§ 918 and 921 serve distinct purposes—§ 918 permits a claimant to enforce an effective, but not-yet-final award, and § 921 permits a claimant to enforce an award "that has become final." *Id.* § 918 serves as a remedy where a claimant needs immediate enforcement of a compensation award that is being challenged on appeal, whereas § 921 requires that a claimant wait for the compensation award to become final, which might never happen.[11] Additionally, there is no language in § 921 which indicates that claimants forfeit their opportunity to seek enforcement of a compensation order that has become final under that provision if they did not ever seek enforcement of that compensation order while it was non-final under § 918. Instead, it appears from the language of the statutes and black lung regulations, that §§ 918 and 921 provide concurrent remedies, and both can grant jurisdiction to a district court if the conditions in each are fulfilled. *See* 20 C.F.R. § 725.601(c) ("In certain instances the remedies provided by the Act are concurrent; that is, more than one remedy might be appropriate in any given case."). And although the Sixth Circuit has not addressed

---

[11] The Benefits Review Board could reverse the ALJ's decision, and thus, no jurisdiction would be conferred to a District Court under 33 U.S.C. § 921(d).

this issue, the district courts that have considered it all interpret §§ 918 and 921 as concurrent remedies. *See, e.g.*, *Byrge*, 301 F. Supp. 3d at 796; *Combs*, 881 F.Supp.2d at 733; *Rogers v. Army/Air Force Exch. Serv.*, No. CIV.A.3:04-CV-2403-P, 2005 WL 1837950, at *4 (N.D. Tex. July 28, 2005)[12] ("Plaintiff has not filed a supplementary order as required by § 918(a), and therefore, she cannot state a claim under § 918(a). However, it appears that Plaintiff may seek enforcement by this Court under § 921(d), which does not require that Plaintiff file a supplementary order."); *Nowlin I*, 266 F. Supp. 2d at 508 ("In contrast [to the remedy provided under § 918], § 921(d) performs a different, but complementary function, in the BLBA remedial scheme."); *Kinder v. Coleman & Yates Coal Co.*, 974 F. Supp. 868, 879 (W.D. Va. 1997) ("[A]n employee who effectively waives his section 918(a) rights would still have two years after an award becomes final to seek enforcement pursuant to section 921(d).").

Even though it appears that Plaintiff could have pursued a remedy under § 918 if she had brought the action within one year after the ALJ's June 13, 2016 order became due, Plaintiff is not prohibited from seeking enforcement of that same compensation order—which is now final—under § 921(d). All requirements of § 921 have been fulfilled, and therefore, this Court has jurisdiction to enforce the June 13, 2016 compensation order and the additional compensation thereon.

### 2. Plaintiff is still entitled to additional compensation despite the existence of the Trust Fund and its timely payment to the Plaintiff during the appeal of the ALJ's June 13, 2016 order.

Plaintiff is entitled to additional compensation despite the existence of the Trust Fund, which paid the Plaintiff the benefits owed during the pendency of Old Republic's appeal. Old

---

[12] Although *Rogers* deals with a claim under the LHWCA, it still supports that §§ 918 and 921 provide concurrent remedies in the LHWCA context and the BLBA context.

Republic states that Plaintiff's claim for additional compensation is improper because the payment procedures for the LHWCA and BLBA are distinctly different. It states:

> Under the Longshore Act … payments by employers generally are made voluntarily to compensate an employee for the economic loss of missing work because of an injury. The Longshore Act encourages such voluntary payments by imposing a 20% penalty on employers who do not pay within ten days of an order directing that payments be made. U.S.C. § 914. In contrast, under the BLBA, Congress created the Trust Fund to pay benefits where an employer declines to make such payments or where no employer can be identified. 26 U.S.C. § 9501. The presence of the Trust Fund eliminates the potential immediate loss of wages that Section 14 of the Longshore Act was designed to address.

> (DE 10-1 at 14-15.)

Old Republic states that "it is uniformly common practice to rely … on the understanding in 26 U.S.C. § 9501(d) that benefits will be paid by the Black Lung Trust Fund, and, later, reimbursed with interest to the Fund, after a decision becomes final." (DE 19 at 6.) Old Republic further contends that 20 C.F.R. § 725.522 excuses employers from paying "interim benefits until a final calculation is provided by the District Director." (DE 19 at 7.) Finally, Old Republic argues that since the Trust Fund stepped in and made "interim" payments to Plaintiff, there were no "unpaid" or "overdue" payments in this case. (DE 19 at 2-3.)

Put simply, Plaintiff's claim for additional compensation is appropriate under the BLBA despite the existence of the Trust Fund and its timely payments to the Plaintiff. Pursuant to 26 U.S.C. § 9501, the Trust Fund pays benefits where no responsible coal mine operator is identified or if the operator defaults on its obligation to pay benefits when they become due. 26 U.S.C. § 9501(d). Additionally, 20 C.F.R. § 725.522 provides "if an operator or carrier … fails or refuses to commence the payment of any benefits due pursuant to an effective order by a[n] … administrative law judge … the fund shall commence the payment of such benefits and shall continue such payments as appropriate." 20 C.F.R. § 725.522. These provisions provide that the Trust Fund pays under certain circumstances, but they do not "excuse"

employers from paying benefits "until a final calculation is provided by the District Director," as asserted by Old Republic.  (*See* DE 19 at 7.)

Although the Trust Fund made payments to Plaintiff, there were unpaid and overdue payments by Old Republic.  33 U.S.C. § 914(f) states that "[i]f any compensation, payable under the terms of an award, is not paid within ten days after it becomes due, there shall be added to such unpaid compensation an amount equal to 20 per centum thereof…" 33 U.S.C. § 914(f).  Old Republic contends that there was no unpaid compensation here because the Trust Fund made timely payments to the Plaintiff.  However, the language in § 914(f) refers to unpaid compensation by the responsible operator, not the Trust Fund.  *See Burton*, 350 F. Supp. 3d at 1208.  The language in § 914(f) is further clarified by 20 C.F.R. § 725.607, which states [i]f any benefits payable … are not paid by *an operator or other employer* ordered to make such payments within 10 days after such payments become due, there will be added to such unpaid benefits an amount equal to 20 percent thereof…" 20 C.F.R. § 725.607(a) (emphasis added).  Therefore, whether compensation is "unpaid" or "overdue" depends on whether the responsible operator has paid in accordance with benefits that have become due.

Moreover, 20 C.F.R. § 725.607(b) states:

If, on account of an operator's or other employer's failure to pay benefits as provided in paragraph (a) of this section, benefit payments are made by the fund, the eligible claimant will nevertheless be entitled to receive such additional compensation to which he or she may be eligible under paragraph (a), with respect to all amounts paid by the fund on behalf of such operator or other employer.

20 C.F.R. § 725.607(b).

Thus, if an operator or employer fails to pay benefits within ten days after they have become due and the Trust Fund makes those payments, an eligible claimant is still entitled to receive additional compensation on the amounts paid by the Trust Fund.  *See*, *e.g.*, *Vialpando*, 2018 WL 5017754 at *5 ("Under the plain language of section 725.607(b), Vialpando is entitled to additional compensation for benefits payments made by the fund if Chevron failed to pay

those payment[s] once they became due.); *Nowlin II*, 331 F. Supp. 2d at 474 (The "unambiguous language [in 725.607(b)] disposes of any assertion that the twenty percent penalty was not intended to apply whenever the Trust Fund makes payments on an operator's behalf.").

Here, Old Republic failed to pay benefits within ten days after they became due under the June 13, 2016 order. Therefore, Old Republic owes an additional twenty percent compensation, despite the fact that the Trust Fund paid the Plaintiff. *See* 20 C.F.R. § 725.607(b). Old Republic asserts that if employers are required to pay benefits on awards that are non-final there would be a risk of overpayment because of the existence of the Trust Fund. (DE 10-1 at 16.) While it is true that there is a risk of overpayment, the DOL has enacted a specific regulation to address the recoupment of overpayments in such situations. *See* 20 C.F.R. § 725.540. Additionally, the existence of additional compensation for untimely payments is consistent with Congress's intent to "ensure that individual coal operators rather than the trust fund bear the liability of claims arising out of such operators' mines to the maximum extent feasible."[13] *Old Ben Coal Co. v. Luker*, 826 F.2d 688, 693 (7th Cir. 1987). Accordingly, Plaintiff is entitled to additional compensation despite the Trust Fund's timely payment of the June 13, 2016 order awarding benefits.

---

[13] The Department of Labor has also cited Congress's intent for the coal industry to bear the primary responsibility for benefits in enacting notice and comment regulations 20 C.F.R. §§ 725.502 and 725.607. Regulations Implementing the Federal Coal Mine Health and Safety Act of 1969, as Amended, 65 FR 79920-01 ("The Department defended the assessment of an additional twenty-percent of unpaid compensation as a means to promote prompt compliance with effective awards. The Department noted its concern that operators rarely paid benefits while an award was on appeal, thereby shifting the financial burden and ultimate risk of loss to the Trust Fund. Moreover, the Department noted that requiring payment of retroactive benefits during active litigation was consistent with Congressional intent. The liable party is generally required to pay all benefits due the claimant under the terms of an effective award, and the "benefits due" include retroactive benefits.").

### 3. Plaintiff is entitled to additional compensation despite the fact that the District Director failed to indicate that such compensation was owed in the January 30, 2018 computation of benefits.

Plaintiff is entitled to additional compensation despite the District Director's failure to indicate that such compensation was owed in the January 30, 2018 computation of benefits. Old Republic asserts that since the District Director indicated the amounts owed to the Trust Fund and Plaintiff but did not indicate that any penalty was owed in the January 30, 2018 computation of benefits, it does not owe any additional compensation to Plaintiff. (DE 10-1 at 18 n.6; DE 19 at 8.) Old Republic argues that "[i]f any penalties or interest had been owed, the law required the Director to say so. Because he never did, it defeats Plaintiff's request for this windfall." (DE 19 at 8.) Old Republic further supports its argument by stating that the Trust Fund "accepted and cashed Defendant's February 2, 2018 payment in full satisfaction of the monies owed to it for its payments to Clevenger's estate and was never heard from again." (DE 19 at 8.)

There are several reasons that Old Republic's argument is flawed. First, the Trust Fund's acceptance and satisfaction with the February 2, 2018 payment by Old Republic is irrelevant. An eligible claimant is entitled to the additional compensation, not the Trust Fund. *See* 20 C.F.R. § 725.607(a). Second, a beneficiary's right to additional compensation arises automatically—there is no need for a supplemental order indicating that such compensation is owed. *See* 33 U.S.C. § 914(f); 20 C.F.R. § 725.607. *See also, e.g.*, *Burton,* 350 F. Supp. 3d at 1205; *Byrge*, 301 F. Supp. 3d at 797; *Hudson,* 2012 WL 386736 at *6; *Combs*, 881 F.Supp.2d at 732; *Nowlin II*, 331 F. Supp. 2d at 468. Third, 20 C.F.R. § 725.502 does not require the District Director's computation to include additional compensation. Instead, 20 C.F.R. § 725.502 requires the District Director to "compute the amount of benefits payable for the periods *prior to the effective date of the order*, in addition to any interest payable for such

periods." 20 C.F.R. § 725.502(b)(2) (emphasis added). Then, such payments become "due" thirty days later. *Id.* Fourth, when the District Director issues a computation of benefits, he generally does not know whether additional compensation will arise because the employer has forty days to make a timely payment—thirty days under 20 C.F.R. § 725.502(b)(2) and ten additional days under 33 U.S.C. § 914 and 20 C.F.R. § 725.607. Here, there are two computations of benefits issued by the District Director—the August 17, 2016 computation and the January 30, 2018 computation. Neither computation includes the additional compensation, even though the January 30, 2018 computation could have included such information because by that point more than forty days had elapsed since the issuance of the August 17, 2016 computation. This is not of consequence, however, because, as stated above, 20 C.F.R. § 725.502 does not require the District Director to include such information, and under 33 U.S.C. § 914(f) and 20 C.F.R. § 725.607, additional compensation arises automatically. But even if the District Director was required to include this information in the January 30, 2018 computation of benefits, Plaintiff is seeking to enforce the August 17, 2016 computation of benefits. Surely, the August 17, 2016 computation could not be expected to include the additional compensation because there was no way for the District Director to know that such compensation would even arise. Fifth, even if the regulations could be read to require that any additional compensation be included in the District Director's computation of benefits, the remedy would not be to extinguish Plaintiff's right to additional compensation where the District Director fails to properly perform his duties. Extinguishing the Plaintiff's right to redress based on a mistake by the District Director would likely be unconstitutional. *See Logan v. Zimmerman Brush Co.*, 455 U.S. 422 (1982). Finally, the Court notes that both the August 17, 2016 and January 30, 2018 computations contain the following language:

Please be advised that by failing to initiate benefits and reimburse the Black Lung Disability Trust Fund within 10 days of the date payment is due, the employer may be subject to payments of additional compensation of up to 20% of the amount due. Further, failure to pay benefits as ordered may result in enforcement of the final award in Federal District Court (20 C.F.R. § 725.604). An appeal does not stay this payment of additional compensation unless an Order staying payments has been issued by the Board or Court.

(DE 14-1 at 2, 14-7 at 2.)

Thus, the two computations contained an explicit warning that twenty percent additional compensation may arise where the employer, or its insurance carrier, does not pay the benefits when they become due. Further, this statement addresses reimbursement where the Trust Fund has stepped in and made payments, as the Trust Fund did here. Based on the foregoing, Old Republic's arguments that if the penalty was actually due, the District Director's computation would have said so and that Plaintiff was made whole by the Trust Fund are not well-taken. Plaintiff is entitled to additional compensation based on Old Republic's untimely payment of the June 13, 2016 order awarding benefits—and subsequent August 17, 2016 computation—and the automatic operation of 33 U.S.C. § 914 and 20 C.F.R. § 725.607. The fact that the additional compensation was not included in the January 30, 2018 computation is not of consequence.

## C. Interest on the unpaid additional compensation.

Pursuant to 20 C.F.R. § 725.608(a)(3): "[i]n any case in which an operator is liable for the payment of additional compensation (§ 725.607), the beneficiary shall also be entitled to simple annual interest computed from the date upon which the beneficiary's right to additional compensation first arose." 20 C.F.R. § 725.608(a)(3). As stated above, Plaintiff's entitlement to additional compensation arose on September 27, 2016—the eleventh day after the benefits awarded and interest payable became due. Thus, Plaintiff is also entitled to simple annual interest beginning on September 27, 2016.

Plaintiff states "[f]ollowing judgment regarding liability, the interest due can be worked out among the parties or, if necessary, litigated before the Court." (DE 14 at 16.) The Court encourages the parties to work together to resolve the interest issue, but if that issue cannot be resolved, the parties may file for additional relief in this Court. Once the interest issue is resolved, the Court will enter a judgment consistent with this opinion and order.

## III. CONCLUSION

Old Republic's position that it does not owe additional compensation is simply not supported by the BLBA, DOL black lung regulations, or relevant case law. Instead, the language of the BLBA provisions, DOL black lung regulations, and relevant case law all support that the Plaintiff in this case is entitled to additional compensation. Even though Old Republic obviously disagrees with the operative effect of the relevant BLBA provisions and regulations, its grievances would be best addressed by the legislature, not the judiciary. Based on the foregoing, Plaintiff is entitled to additional compensation and interest thereon based on Old Republic's untimely payment of the June 13, 2016 order awarding benefits, which has since become final.

Accordingly, the Court **HEREBY ORDERS** as follows:

(1) The Plaintiff's Motion for Summary Judgment (DE 14) is **GRANTED**.

(2) The Defendants' Motion for Summary Judgment (DE 10) is **DENIED**.

(3) The Defendants shall pay the Plaintiff $8,162.68 in additional compensation pursuant to 33 U.S.C. § 914(f) and 20 C.F.R. § 725.607(a).

(4) The Plaintiff shall file a motion for interest due by **September 27, 2019**, which shall contain a calculation of the interest due pursuant to 20 C.F.R. § 608(a)(3). Thereafter, the Defendants will have fourteen (14) days to respond.

(5) A judgment consistent with this opinion and order will be entered once the issue of interest on the additional compensation has been resolved.

Dated September 13, 2019.

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY